

# NUMBER 13-25-00105-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTONIO SUAREZ III,                                                             Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Justice Cron**

A jury convicted appellant Antonio Suarez III of assault on a family member with a prior conviction, a third-degree felony. *See* TEX. PENAL CODE § 22.01(b)(2)(A). The jury also found that Suarez was a repeat felony offender, thereby enhancing the punishment range for the offense to that of a second-degree felony, and sentenced him to a prison

term of sixteen years. *See id.* § 12.42(a). By a single issue, Suarez contends that the evidence was legally insufficient to prove beyond a reasonable doubt that he was previously convicted of a prior offense because the evidence introduced during the guilt-innocence phase of trial only showed that he previously received deferred adjudication for continuous violence against the family. He notes that it was not until the punishment phase of trial that the State proved that he was ultimately adjudicated guilty of that offense after his community supervision was revoked. He asks that we modify the judgment to reflect a conviction for the lesser included offense of simple assault and remand the case to the trial court for a new punishment hearing.

We affirm Suarez's conviction. However, on our own motion, we modify the judgment to correct a clerical error.

## I. BACKGROUND

The State alleged that Suarez assaulted his then-girlfriend on July 13, 2019, and that he was previously convicted of assaulting a family member "on the 7th day of April 2011, in the 214th District Court of Nueces County, Texas, in cause number 11-CR-0655-F." At trial, the State called Detective Mike Manzano with the Corpus Christi Police Department to testify about Suarez's prior conviction. Through this witness, the State introduced into evidence a certified copy of an Order of Deferred Adjudication entered on April 7, 2011, in cause number 11-CR-0655-F for the offense of continuous violence against the family. The order reflects that Suarez pleaded guilty to the offense and was placed on deferred-adjudication community supervision for a period of ten years. The order was accompanied by a plea agreement between Suarez and the State showing that

2

the State recommended deferred-adjudication community supervision in exchange for Suarez's guilty plea.

## II.     STANDARD OF REVIEW & APPLICABLE LAW

To satisfy constitutional due process requirements, a criminal conviction must be supported by sufficient evidence. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). "Evidence is sufficient to support a criminal conviction if a rational jury could find each essential element of the offense beyond a reasonable doubt." *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In conducting a sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). We consider all the evidence in the record, regardless of whether the evidence was properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We measure the sufficiency of the evidence against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Normally a Class A misdemeanor, simple assault becomes a third-degree felony if the State proves that the defendant was in a dating relationship with the complainant

3

and that the defendant was "previously convicted" of a similar offense, including continuous violence against the family. *See* TEX. PENAL CODE §§ 22.01(b)(2)(A)(ii)(a), 25.11. The prior conviction is an element of the felony offense that must be proven beyond a reasonable doubt during the guilt-innocence phase of the trial. *Holoman v. State*, 620 S.W.3d 141, 147 (Tex. Crim. App. 2021) (concluding that the prior conviction is an elemental aggravating fact rather than a punishment issue).

### III.    ANALYSIS

Suarez does not dispute that the evidence establishes that he was in a dating relationship with the complainant, that continuous violence against the family is a listed offense under section 22.01(b)(2)(A), or that the State proved beyond a reasonable doubt that Suarez was the defendant in cause number 11-CR-0655-F. Instead, Suarez argues that an order of deferred adjudication is insufficient to prove that he was "previously convicted" of that offense. *See* TEX. PENAL CODE § 22.01(b)(2)(A). Deferred adjudication "is not a conviction for most purposes." *Middleton v. State*, 634 S.W.3d 46, 51 (Tex. Crim. App. 2021). However, as the State correctly points out, "previously convicted" is a statutorily defined term that includes a defendant who "entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision." TEX. PENAL CODE § 22.01(f)(1). Therefore, the Order of Adjudication in cause number 11-CR-0655-F and the accompanying plea agreement were legally sufficient to prove beyond a reasonable doubt that Suarez was "previously convicted" of continuous violence against

4

the family. *See id.* Suarez's issue is overruled.

## IV. MODIFICATION

A court of appeals "has the power to modify the trial court's written judgment of conviction to make the record 'speak the truth.'" *Smith v. State*, 733 S.W.3d 871, 876 (Tex. App.—Houston [14th Dist.] 2026, pet. ref'd) (quoting *Carmona v. State*, 610 S.W.3d 611, 618 (Tex. App.—Houston [14th Dist.] 2020, no pet.)). This authority, which we may exercise sua sponte, includes correcting a judgment that fails to reflect the jury's findings. *Id.*

Here, the State alleged for enhancement purposes that Suarez was a repeat felony offender, and the jury found the allegation "true." *See* TEX. PENAL CODE § 12.42(a). Yet, the judgment of conviction does not include this finding. *See* TEX. CODE CRIM. PROC. art. 42.01, § 1 (listing the necessary contents of a judgment). On its face, the judgment indicates that Suarez was sentenced to sixteen years in prison for a third-degree felony, making it appear as though Suarez received an illegal sentence. *See* TEX. PENAL CODE § 12.34(a) (providing that the maximum term of imprisonment for a third-degree felony is ten years); *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). Accordingly, we modify the judgment as follows: under "Degree of Offense," we modify "3RD DEGREE FELONY" to read "3RD DEGREE FELONY ENHANCED TO A SECOND DEGREE"; under "1st Enhancement Paragraph," we strike "N/A" and replace it with "Repeat Felony Offender"; and under "Finding on 1st Enhancement Paragraph," we strike "N/A" and replace it with "True." *See Smith*, 733

5

S.W.3d at 876.

## V.    CONCLUSION

We affirm the judgment of conviction as modified.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of July, 2026.